**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

```
GENEVIEVE CAUTIÑO LABOY, et al.  *
                                 *
       Plaintiffs                *
                                 *
v.                               *       Civil No. 03-1035(SEC)
                                 *
HOTEL SAN JUAN Y CASINO, et al.  *
                                 *
       Defendants                *
**********************************
```

**OPINION AND ORDER**

Before the Court is Defendant's motion for summary judgment (Docket # 44) and Plaintiffs' opposition thereto (Docket # 59). After considering said motions, the U.S. Magistrate Judge's Report and Recommendation (Docket # 70), Plaintiffs' objection to said report (Docket # 71) and Defendant's response (Docket # 72), we agree with the Magistrate Judge's conclusions. Therefore, the Court will **APPROVE and ADOPT** the Magistrate's Report and Recommendation and **GRANT** Defendant's motion for summary judgment.

**Procedural Background**

Plaintiffs – Genevieve Cautiño-Laboy and her daughter – filed the instant action for sexual harassment, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq. and local law against her former employer, Wyndham International, Inc. and/or Wyndham El San Juan Hotel & Casino (herein "Defendant") and her former supervisor, Julio R. Solla.[1] Plaintiffs' claims against the latter were dismissed without prejudice on January 12, 2004 due to Plaintiffs' failure to timely serve said Co-defendant (Dockets ## 17-18).

Upon review of the parties' filings, Magistrate Judge Justo Arenas found that Plaintiffs had failed to comply with Local Rule 56(c) and recommended that Defendant's motion for summary judgment be granted (Docket # 70). We will now address Plaintiffs' objections to said Report and Defendant's response thereto, but first, the applicable standard.

---

[1] Mr. Solla resigned from his employment after Defendant attempted to transfer him to another office.

**Civil No. 02-2603(SEC)**                                                                                          2

**Standard of Review**

While the Court is not required to review any issue raised or resolved in a Magistrate's report that is not the subject of a timely objection by the parties in the case, once an objection is raised, "[a] judge of the [district] court shall make a de novo determination of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(c). These objections must be filed in a timely manner and in accordance with the rules of the Court, which state that objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objection." Local Rule 72(d).

The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however if the affected party fails to timely file objections, "'the district court can assume that they have agreed to the magistrate's recommendation'." Alamo Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003) (quoting, Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

**Applicable Law and Analysis**

We begin by noting that Plaintiffs did not object to the Magistrate's conclusion that they had failed to comply with Local Rule 56(c). Therefore, we will consider Plaintiffs' objections against this backdrop. Prior to embarking upon said review, there are a few points worth making. First, as highlighted by Defendant, Plaintiffs' exhibits in support of their opposition are for the most part inadmissible. Three (3) of the six (6) exhibits submitted are in the Spanish language and are therefore inadmissible pursuant to Local Rule 10(b) (Exhibits B, D & E). Of the remaining exhibits, Plaintiffs have now submitted for the first time additional pages, which had been omitted from Plaintiffs' response to Defendant's motion. Second, Plaintiffs' objections, as correctly characterized by Defendant, for the most part are simply a rehashing of the conclusory and unsupported allegations contained in their opposition to Defendant's motion. Notwithstanding the foregoing, out of an abundance of caution, we will address each and every one of Plaintiffs' objections.

Plaintiffs have raised the following objections: (1) Co-plaintiff Cautiño-Laboy did

suffer sexual discrimination; (2) the Magistrate did not address former Co-defendant Solla's suspension; (3) Co-plaintiff Cautiño-Laboy was the victim of retaliatory conduct; (4) Co-plaintiff Cautiño-Laboy did report sexual discrimination to management on two occasions; (5) Defendant did not act correctly and there is vicarious liability; (6) the harassment included physical contact; (7) a hostile work environment did exist; and (8) Co-plaintiff Cautiño-Laboy was terminated because "management felt she was a very dangerous person to have around," "not because the risk department was closed." (Docket # 71 at p. 9). These objections fall into three categories: (1) generalized, (2) unsupported and (3) supported.

**1. Generalized objections**

After reviewing the uncontested facts and the applicable law for both *quid pro quo* and hostile work environment claims, the Magistrate concluded that she could not establish a claim of sexual harassment. Specifically, the Magistrate found that (1) Plaintiffs' *quid pro quo* claim failed because Co-plaintiff Cautiño-Laboy "did not suffer a tangible employment action as a result of the harassment since . . . her termination ultimately occurred for reasons other than her failure to acquiesce to the advances of Solla;" and (2) that "the conduct complained of was not severe or pervasive enough to create a hostile work environment." (Docket # 70 at pp. 19-20).

To this end, Plaintiffs allege that Co-plaintiff Cautiño-Laboy was discriminated based on her gender since she was subjected to sexual harassment from her supervisor who touched her shoulders and arms, offered co-habitation, marriage, gifts, etc. Plaintiffs first objection is that, contrary to the Magistrate's conclusion, she did suffer sexual discrimination from her supervisor. Plaintiffs' objection, as presented, lacks merit.

Plaintiffs' objection can be characterized as a generalized objection, which does not warrant a *de novo* review. See Howard v. Sec'y of Health & Human Servs., 932 F. 2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any

**Civil No. 03-1035(SEC)**                                                                                                   4

specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."); Morin v. T.P.M., Inc, 1997 U.S. Dist. Lexis 18228 (D. Me. Oct. 31, 1997)("To permit a party simply to refer to its original argument as if the Magistrate Judge had said nothing adds an unnecessary extra layer of review rather than serve the purpose of narrowing and focusing the issues.").

The same can be said as to Plaintiffs' objection that she was subjected to a hostile work environment and that she was the victim of retaliation. Although Plaintiffs have delineated these three objections, one per claim, these three objections essentially rehash Plaintiffs' conclusory allegations and are tantamount to an objection to the entirety of the Magistrate's Report. Thus, these objections, without any further evidentiary support, are insufficient for the Court to reject the Magistrate's recommendations.

**2. Unsupported objections**

Plaintiffs' objection that the Magistrate ignored the fact that her former supervisor, Co-defendant Solla, was suspended for one week is unsupported since the cited exhibit is in Spanish. Therefore, this objection will be disregarded. The same is true of Plaintiffs' objection that Co-plaintiff Cautiño-Laboy reported sexual discrimination to management and that Defendant was on notice of said behavior. Once again, the cited exhibits are in Spanish and cannot be considered by the Court.

Next, with respect to Plaintiffs' objection to the Magistrate's finding that Defendant acted correctly and thus there is no vicarious liability, Plaintiffs aver that Defendant is responsible because: (1) "It permitted and allowed Mr. Solla's sexual advance not only to Mrs. Cautiño but to other female employees even to Mrs. Waleska Otero." (2) "It never separated Mr. Solla and Mrs. Cautiño even after four meetings Mrs. Waleska Otero had with

**Civil No. 03-1035(SEC)** 5

both persons." (3) Mrs. Cautiño was given chores not appropriate to her job description. These chores were maid, housekeeper as moving laborer, as stated before." (4) No real effort was made by Defendant to place Mrs. Cautiño in [an]other Department . . . ." (Docket # 71 at 4). Since the cited exhibits in support of these contentions are in Spanish, they cannot be considered by the Court.

Finally, Plaintiffs allege that Co-plaintiff Cautiño-Laboy was "terminated for management felt she was a very dangerous person to have around," and not because the department she worked at was closed. This allegation is at best speculative. Other than alleging that the closing of the department was a "sham," Plaintiffs have not presented any evidence indicating that her termination, her temporary transfer, and/or the fact that she was not hired for another position, was in retaliation to her sexual harassment complaint. Plaintiffs allegation that "[s]he was never given any reason for her termination" is indicative of their lack of proof to that effect. As argued by Defendant, "[i]t is not enough for the plaintiff to show that the employer made an unwise business decision, or an unnecessary personnel move, nor is it sufficient to show that employer acted arbitrarily or at with ill will." Gray v. New England Tel. & Tel. Co., 792 F.2d 251, 255 (1st Cir. 1986). The uncontested fact is that the department at which Co-plaintiff Cautiño-Laboy worked was closed. Absent any proof that her termination was effectuated for retaliatory purposes, we need not go any further. See Mesnick v. Gen. Electric Co., 950 F.2d 816, 825 (1st Cir. 1991)("Courts may not sit as super personnel departments, assessing the merits – or even the rationality of employers' nondiscriminatory business reasons.").

### 3. Supported objections

Plaintiffs also object to the Magistrate's statement that they failed to controvert Defendant's allegation that no physical contact occurred. This objection simply misses the mark. Given that Plaintiffs' failed to properly controvert Defendants' statement of uncontested facts as required by Local Rule 56(c), an issue which Plaintiffs have failed to

address in their objections, the Magistrate correctly deemed admitted Defendant's statement of uncontested facts. See Local Rule 56(e)("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."); Mercado-Alicea v. P.R. Tourism Co., 396 F.3d 46 (1st Cir. 2005)(reaffirming the district court's enforcement of the anti-ferret rule, which "parties ignore . . . at their peril")(citations omitted). Among those statements is a factual averment that Co-plaintiff Cautiño-Laboy did not report physical contact in her meeting with Waleska Otero (Docket # 46, SUF # 6). Furthermore, the Magistrate did not ignore Plaintiffs' allegations. First, the Magistrate's finding against *quid pro quo* harassment was based on the lack of causality between Co-plaintiff Cautiño-Laboy's rejection of Mr. Solla's sexual advances and her eventual termination. Second, as to the hostile work environment claim, the Magistrate found there was "nothing to show that the conduct was physically *threatening* or to what extent it interfered with Cautiño's work performance." (Docket # 70 at p. 20)(emphasis added). It is clear that the Magistrate considered and weighed the alleged physical contact. Therefore, Plaintiffs' objection to the contrary is unavailing.

### 4. Supplemental Law Claims

Lastly, Magistrate Arenas recommended that Plaintiffs' supplemental law claims be dismissed without prejudice. Although Plaintiffs' object to this recommendation, since we have dismissed all of Plaintiffs' federal claims, we will similarly dismiss Plaintiffs' Commonwealth law claims. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991)("[t]he power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the law suit."). Accordingly, Plaintiffs' supplemental law claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**Civil No. 03-1035(SEC)** 7

### Conclusion

For the reason set herein, the Magistrate's Report and Recommendation is **APPROVED and ADOPTED** as our own. Accordingly, Defendant's motion for summary judgment is **GRANTED** and Plaintiffs' claims will be dismissed. Judgment shall be entered accordingly.

**SO ORDERED.**
In San Juan, Puerto Rico, this 6th day of September, 2005.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge